UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Pierre A. Byrd, | ) | C/A No. 4:10-1632-CMC-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| Warden Mildred L. Rivera, | ) | |
| FCI-Estill, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The Petitioner, Pierre A. Byrd ("Petitioner"), appearing pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This action was filed on June 24, 2010.[2] (Doc. # 1.) On November 18, 2010. The Respondent filed a motion to dismiss or in the alternative a motion for summary judgment along with supporting memorandum and exhibits. (Doc. # 13.) The undersigned issued an order filed November 19, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the Petitioner of the motion and the possible consequences if he failed to respond adequately. (Doc. # 14.) The Petitioner filed a response in opposition to the Respondent's motion on December 23, 2010. (Doc.# 17.).

Petitioner also filed a Motion for Default on September 29, 2010. (Dkt. # 11.)

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

[2] There is no stamp from the prison mailroom acknowledging receipt for mailing. Thus, the date of filing is the date the Petitioner's habeas petition was received by the Clerk of Court.

## I. MOTION FOR DEFAULT

In Petitioner's Motion for Default (dkt. entry #11), Petitioner contends that because the Respondent did not timely file a response to his petition, the Petitioner should be granted a default judgment. Default judgments are generally not available in habeas actions. See, e.g., Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir.1987) (noting that "a default judgment is not contemplated in habeas corpus cases").  Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a). However, habeas petitioners should not receive a default judgment under normal circumstances. See Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir.1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); see also Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990) (holding that "[t]he failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir.1987) (noting that "a default judgment is not contemplated in habeas corpus cases"); Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir.1970) (finding "Rule 55(a) has no application in habeas corpus cases."); Garland v. Warden, 2008 WL 4834597 (D.S.C.2008) (unpublished).

Moreover, even if a default judgment was available, it would not be appropriate in this case. Reviewing the docket, it appears that the United States Attorney's Office did not receive the Petitioner's Habeas Petition as the court's order directed when the petition was initially served on July 30, 2010. (Dkt. Entry # 10.)  The order authorizing service was re-filed on September 29, 2010,

2

and the Respondent's answer or other response was then due November 30, 2010. (Dkt. Entry # 9.) The Respondent filed a Motion for Summary Judgment on November 18, 2010, before the revised court deadline. Accordingly, it is recommended that the Petitioner's Motion for Default be DENIED.

## II. PROCEDURAL HISTORY

The Petitioner was sentenced on June 18, 2001, to a 180-month sentence by the United States District Court for the Southern District of Georgia for possession of a firearm by a convicted felon. The Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the calculation of his federal sentence. Specifically, the Petitioner asserts the Federal Bureau of Prisons ("BOP") should award him credit toward his federal sentence for the time he spent in state custody.

On December 22, 2000, the Petitioner was arrested by the Savannah, Georgia, Police Department for aggravated assault and placed in state custody at the Chatham County Detention Center in Georgia. On February 13, 2001, the Petitioner was indicted by a federal grand jury for the offense of possession of a firearm by a convicted felon. On February 28, 2001, the United States Marshals Service borrowed the Petitioner from the Chatham County Detention Center via a writ of habeas corpus ad prosequendum for disposition of this federal charge. On June 18, 2001, the Petitioner was sentenced on the federal charge to 180 months by the United States District Court for the Southern District of Georgia. On June 20, 2001, the Petitioner was returned to the Chatham County Detention Center. On April 17, 2002, the Petitioner was sentenced by the Georgia Superior Court of Chatham County to 15 years on the state charge of aggravated assault and possession of a firearm. The Georgia state court ordered that this state sentence be served concurrently with the

federal sentence imposed.  Following sentencing, the Petitioner was placed in the Georgia Department of Corrections to serve his 15-year sentence.

On December 21, 2008, the Petitioner was discharged from the Georgia Department of Corrections on the 15-year sentence and was placed into the custody of the Lee County, Georgia, Sheriff's Department.  A state warrant for the Petitioner's arrest was pending for the offense of possession of drugs.  On January 28, 2009, the Petitioner was sentenced by the Superior Court of Lee County to five years for the state possession of drugs offense.  This sentence was ordered to be served concurrently with the previously imposed federal sentence.

On February 6, 2009, the Petitioner was released to the United States Marshals Service to begin service of his federal sentence.  The BOP calculated the Petitioner's service of his federal sentence as commencing on this date.  The BOP also awarded the Petitioner a total of 46 days prior custody credit for the time period of December 22, 2008, through February 5, 2009.  He is also eligible to earn a total of 705 days Good Conduct Time resulting in a projected release date of January 15, 2022.

### III. PETITIONER'S GROUNDS FOR RELIEF

The Petitioner has filed this application for Writ of Habeas Corpus asserting that he is entitled to prior custody credit toward his federal sentence for time spent in state custody.

### IV.  ANALYSIS

First, the undersigned notes that the respondent concedes that the Petitioner has exhausted his administrative remedies with respect to these claims. (Resp. Mem. 4.)  Turning then to the merits of the Petitioner's allegations regarding his sentence, the Petitioner contends he is entitled to credit toward his federal sentence for all of the time he has served since his arrest on December 22, 2000,

because the Georgia Chatham County Court ordered his state sentence to run concurrently with the previously imposed federal sentence. The respondent contends that the BOP has correctly calculated the Petitioner's sentence. The undersigned agrees.

Pursuant to 18 U.S.C. § 3585, the Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, and he has delegated that authority to the BOP under 28 C.F.R. § 0.96 (1992). The computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence. Additionally, it is well-settled that a federal sentence cannot commence before it is imposed, United States v. Evans, 159 F.3d 908, 911 (4th Cir.1998), and a district court has no power to award presentence credit. 18 U.S.C. ¶ 3585(b); United States v. Wilson, 503 U.S. 329, 333 (1992). Furthermore, pursuant to the provisions of 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times, such as the Petitioner's state and federal sentences, run consecutively absent an affirmative order of the federal sentencing court that they run concurrently.

In this case, the Petitioner's sentence actually commenced on the day he was released from state custody and transferred to federal custody on February 6, 2009. Pinaud v. James, 851 F.2d 27, 30 (2nd Cir.1988) (holding a federal sentence does not commence until the Attorney General receives the defendant into custody for service of the federal sentence.) The Petitioner was given credit from December 22, 2008, the day after his release from Georgia Department of Corrections, through February 5, 2009, as this period of time had not been credited toward any other sentence and qualified as prior custody credit under 18 U.S.C. § 3585(b). (Rep't's Mem. Supp. Summ. J

Mot.at 9 & Attach. # 1 - Ex. B.)

The only other time the Petitioner was in federal custody after his state arrest was during the time period he was borrowed from the State of Georgia via a federal writ of habeas corpus ad prosequendum. However, a prisoner is not "in custody" when he appears in another jurisdiction's court pursuant to an ad prosequendum writ; he is merely "on loan" to that jurisdiction. Stewart v. Bailey, 7 F.3d 384, 389 (4th Cir.1993). A prisoner is not entitled to prior custody credit for time spent in federal detention pursuant to a writ of habeas corpus ad prosequendum, when the time period was credited against his state sentence, because he already had been sentenced on the state offense and was serving that sentence during the relevant time period. Williamson v. Pettiford, 2008 WL 2076664 (D.S.C. May 9, 2008) (citing Rios v. Wiley, 201 F.3d 257, 272 (3rd Cir. 2000)); United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991); Jimenez v. Warden, FDIC, Fort Devens Massachusetts, 147 F.Supp.2d 24, 28 (D.Mass. 2001).[3] .

To the extent that the Petitioner argues that he is entitled to federal credit for the time period beginning the date the federal detainer was placed on him, that argument is without merit. A detainer filed to hold a prisoner to serve a federal term does not change his state custody status. Thomas v. Whalen, 962 F.2d 358, 360 (4th Cir.1992). A detainer notifies the officials at the institution where a prisoner is confined that the prisoner is wanted in another jurisdiction upon

---

[3] In Willis v. United States, 438 F.2d 923 (5th Cir.1993), the Court held that if a petitioner "was denied release on bail [by the state] because the federal detainer was lodged against him, then that was time spent in custody in connection with the [federal] offense." Here, Willis credit is not available to the Petitioner because nothing in the record indicates that the Petitioner was denied release on bail by the Georgia state authorities because a federal detainer was lodged against him. Accordingly, the Petitioner is not entitled to Willis credit.

release from prison. Id. at 360-61. Additionally, the Petitioner's argument that the state court ordered the sentences to run concurrently and that all the parties involved in his negotiated state sentence understood this is also without merit. A state court's judgment does not create an entitlement to concurrent state and federal sentences. See Barden v. Keohane, 921 F.2d 476, 478 n. 4 (3d. 1990) ("We recognize that neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently.")

As noted above, pursuant to 18 U.S.C. § 3585(a) and the BOP's policy in computing sentences, a federal sentence cannot commence prior to the date of its imposition and until the defendant is in federal custody. However, an inmate in non-federal custody may have his federal sentence commence the date it is imposed if the BOP makes an nunc pro tunc designation under 18 U.S.C. § 3621(b), which allows the non-federal facility to serve as a place for service of the federal sentence. Barden, 921 F.2d 476. Section 3621(b) enumerates the following factors for the BOP to consider in making nunc pro tunc designations: (1) the resources of the non-federal facility; (2) the nature and circumstances of the offense; (3) the history and characteristics of the inmate; (4) any pronouncements made by the sentencing court; (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2).

While under no obligation to grant a nunc pro tunc designation request, the BOP is to consider the language of the federal and state judgments, the state sentence data record to include jail credit, and "any other pertinent information relating to the federal and state sentences." BOP Program Statement 5160.05(9)(b)(4)(b). The BOP is afforded wide latitude in exercising its delegation authority under § 3621(b). Barden, 921 F.2d at 476; Trowell v. Beeler, No. 04-6531, 2005 WL 1181858, at *2 (4th Cir. May 19, 2005) (unpublished). Further, the BOP's decision to

grant or deny nunc pro tunc designation is subject to judicial review only for the purposes of abuse of discretion. Barden, 921 F.2d at 478.

Here, upon the Petitioner's request, the BOP conducted a review pursuant to Barden to determine if it would be appropriate to grant the Petitioner a nunc pro tunc designation that would allow his federal and state sentence to run concurrently. The BOP's final administrative decision denying the Petitioner's request set out the specific facts of the Petitioner's situation and considered the appropriate factors, including the nature of the Petitioner's offenses, the Petitioner's criminal history, the sentencing judge's intent. (Resp. Mem. Supp. Summ. J. Mot. Attach. # 1 - Ex. F.) The BOP did not abuse its discretionary authority in this case. Accordingly, it is recommended that Respondent's motion to deny the habeas petition be granted and the petition dismissed with prejudice.

## V. CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (docket entry #13) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus should be denied, and the petition dismissed with prejudice and without an evidentiary hearing.

It is FURTHER RECOMMENDED that Petitioner's motion for default (docket entry #11) be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 29, 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**