IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Pierre A. Byrd, ) | C/A NO. 4:10-1632-CMC-TER |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Warden Mildred L. Rivera, FCI - Estill, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On June 29, 2011, the Magistrate Judge issued a Report recommending that Petitioner's motion for default judgment be denied, Respondent's motion for summary judgment be granted, and this be matter dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. The Clerk received Petitioner's objections for filing on August 12, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. However, the Report contains two errors which need to be corrected.

Footnote 2 of the Report states that "[t]here is no stamp from the prison mailroom acknowledging receipt for mailing. Thus, the date of filing is the date the Petitioner's habeas corpus petition was received by the Clerk of Court." Report at 1 n.2 (Dkt. #19, filed June 29, 2011).

While the filing date of the Petition is not critical to the disposition of this matter, this statement by the Magistrate Judge is incorrect. The date of filing is the date Petitioner gave his petition to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266 (1988). Absent specific indication by prison authorities as to the date received for mailing, courts look to the date the petition is executed by the inmate (in this case, May 31, 2010), or the postmark date (June 22, 2010). *Houston*, 487 U.S. at 275 (emphasizing importance of objective indicia of delivery to alleviate need to "dispute a prisoner's assertions that he delivered the paper on a different date."); *See*, *e.g.*, *Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) ("Liberal application of the mailbox rule . . . causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed.") *and Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (considering postmark as evidence of date of mailing in applying prison mailbox rule). Therefore, the objective indicia of the postmark date (June 22, 2011) and the petition's receipt by the Clerk (June 24, 2011) lead this court to find that the Petition was filed on June 22, 2011.

The Report also cites case law on page 6 of the Report in support of the position that Petitioner is not entitled to prior custody credit "because he already had been sentenced on the state offense and was serving that sentence during the relevant time period." Report at 6. While Petitioner is not entitled to prior custody credit, Petitioner had not been sentenced on the relevant state charges at the time he received his federal sentence. *See* Objections at 2 ("Petitioner was not serving any other sentence" at the time he was sentenced in federal court); Resp's Mot. for Summ. J. at Attachments A & C (Dkt. #13-1 at 9-14 & 17, filed Nov. 18, 2010). Therefore, the case law cited by the Magistrate Judge on this point is inapplicable.

Petitioner's objections reassert arguments presented in his Petition and opposition to Respondent's summary judgment motion. Moreover, Petitioner presents no controlling authority which shows the Report's conclusion is in error.

Therefore, Petitioner's motion for default judgment is **denied**. Respondent's motion for summary judgment is **granted** and this petition is dismissed with prejudice.

**IT IS SO ORDERED.**

    s/ Cameron McGowan Currie
    CAMERON MCGOWAN CURRIE
    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 25, 2011